# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JOSEPH TOLBERT, Individually and for Others Similarly Situated,<br><br>      Plaintiffs,<br><br>v.<br><br>EATON CORPORATION<br>c/o CT Corporation System<br>4400 Easton Commons Way, Suite 125<br>Columbus, OH 43219<br><br>      Defendants. | Case No. _____<br><br><br><br>**COLLECTIVE ACTION COMPLAINT PURSUANT TO 29 U.S.C. § 216(b)**<br><br>**(Jury Demand Endorsed Hereon)** |

## INTRODUCTION

1. Eaton Corporation ("Eaton") failed to pay Joseph Tolbert (Tolbert), and other workers like him, overtime as required by the Fair Labor Standards Act (FLSA).

2. Instead, Eaton pays Tolbert, and other workers like him, the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

3. Tolbert brings this collective action to recover unpaid overtime and other damages.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Eaton conducts substantial business operations in this District and Division.

6. Eaton maintains a corporate headquarters in Cuyahoga County, Ohio.

## THE PARTIES

7. Tolbert was employed by Eaton as Senior Project Engineer from approximately 2001 until October 2017.

8. He regularly worked in excess of 40 hours a week without receiving overtime pay. His written consent is attached as **Exhibit A**.

9. Tolbert brings this action on behalf of himself and all other similarly situated salaried employees under the collective action provisions of the FLSA. *See* 29 U.S.C. §216(b). The Putative Class was subjected to the same FLSA violations as Tolbert and is properly defined as:

> **All employees of Eaton during the past 3 years who were paid straight time for overtime (the "Straight Time Workers").**

The members of the Putative Class are easily ascertainable from Eaton's business and personnel records.

10. Defendant **Eaton Corporation** is a foreign corporation that maintains its United States operational headquarters in Beachwood, Ohio. Eaton does business throughout the United States.

11. Eaton Services Company, Inc. may be served through its registered agent: **CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, OH 43219**.

### COVERAGE UNDER THE FLSA

12. At all relevant times, Eaton was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13. At all relevant times, Eaton was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14. At all relevant times, Eaton was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as cell phones, computers, walkie-talkies, hardhats, and personal protective equipment - that have been moved in or produced for commerce.

15. At all relevant times, Eaton had an annual gross volume of sales made in excess of $1,000,000.

16. At all relevant times, Tolbert and the Straight Time Workers were engaged in commerce or in the production of goods for commerce.

**FACTUAL BACKGROUND**

17. Eaton is a multinational power management company that manufactures engineered products for the industrial, vehicle, construction, commercial, and aerospace markets.

18. To provide these services, it employs Engineers.

19. Eaton hired Tolbert as a Senior Engineer in approximately 2001.

20. In approximately 2012, Tolbert's job title changed to Senior Product Engineer.

21. Tolbert worked for Eaton in Smyrna, Georgia.

22. As a Senior Product Engineer, Tolbert created and reviewed electrical drawings. Tolbert also inspected, tested, and performed quality control on manufactured products.

23. Eaton's Engineers, including Tolbert, perform routine activities which are largely governed by standardized plans and checklists created by Eaton.

24. Tolbert was not guaranteed a salary.

25. If Tolbert worked fewer than 40 hours in a week, he is only paid for the hours works.

26. Tolbert regularly worked over 40 hours in a week.

27. In fact, Tolbert routinely worked seven 10-hour shifts per week.

28. Although he often worked 70 to 80 hours per workweek, Eaton never paid Tolbert any overtime but, rather, paid him straight-time-for-overtime.

29. The hours Tolbert and the Straight Time Workers (defined above) work are reflected in Eaton's records.

30. Rather than receiving time and half as required by the FLSA, Tolbert only received "straight time" pay for overtime hours worked.

31. Eaton's "straight time for overtime" payment scheme violates the FLSA.

32. Eaton was and is aware of the overtime requirements of the FLSA.

33. Eaton nonetheless fails to pay certain employees, such as Tolbert, overtime.

34. Eaton did not guarantee Tolbert and Straight Time Workers a salary.

35. Eaton's failure to pay overtime to these workers was, and is, a willful violation of the FLSA.

## COUNT ONE
## (VIOLATION OF THE FLSA)

36. Tolbert incorporates the preceding paragraphs by reference.

37. Eaton's illegal "straight time for overtime" policy extends beyond Tolbert.

38. Eaton pays dozens of workers using the same unlawful scheme.

39. Any differences in job duties do not detract from the fact that these workers were entitled to overtime pay.

40. The workers impacted by Eaton's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

41. Eaton's pay policy denied Tolbert and the Straight Time Workers overtime compensation at the legal overtime rates required by the FLSA.

42. Eaton knew, or showed reckless disregard for whether, its failure to pay overtime violated the FLSA. Its failure to pay overtime to Tolbert and the Straight Time Workers is willful.

43. Due to Eaton's FLSA violation, Tolbert and the Straight Time Workers are entitled to recover from Eaton their unpaid overtime compensation, liquidated damages, reasonable attorney fees, costs, and expenses of this action.

## COLLECTIVE ACTION ALLEGATIONS

44. Tolbert incorporates all previous paragraphs and alleges that the illegal pay practices Eaton imposed on Tolbert were likewise imposed on the Straight Time Workers.

45. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

46. Numerous other individuals, like Tolbert, indicated they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA.

47. Based on his experiences and tenure with Eaton, Tolbert is aware that Eaton's illegal practices were imposed on the Straight Time Workers.

48. The Straight Time Workers were all paid straight time for overtime and not afforded the overtime compensation when they worked in excess of forty (40) hours per week.

49. Eaton's failure to pay wages and overtime compensation at the rates required by the FLSA results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Straight Time Workers.

50. The specific job titles or precise job locations of the various Straight Time Workers does not prevent collective treatment.

51. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

52. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

## JURY TRIAL

53. Tolbert demands a trial by jury.

**PRAYER FOR RELIEF**

54. Tolbert prays for relief as follows:

    a. An order allowing this action to proceed as a collective action under the FLSA and directing notice to all engineers who were paid a salary;

    b. For an Order pursuant to Section 16(b) of the FLSA finding Eaton Corporation liable for unpaid back wages due Plaintiff and the Straight Time Workers for liquidated damages equal in amount to their unpaid compensation;

    c. For an Order appointing Plaintiff and his counsel as Class Counsel to represent the interests of the Putative class;

    d. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest at the highest rate allowable by law; and

    e. All such other and further relief to which Tolbert, and the Straight Time Workers, may show themselves to be justly entitled.

Respectfully submitted,


/s/ Jason R. Bristol
**Jason R. Bristol** (0072989)
**COHEN ROSENTHAL & KRAMER LLP**
3208 Clinton Avenue
Cleveland, OH 44113
216-815-9500 [Telephone & Facsimile]
jbristol@crklaw.com

**Michael A. Josephson**
Texas Bar No. 24014780
(*pro hac vice admission request forthcoming*)
**Andrew Dunlap**
Texas Bar No. 24078444
(*pro hac vice admission request forthcoming*)
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
(*pro hac vice admission request forthcoming*)
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS FOR PLAINTIFF**