# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **JOSEPH TOLBERT**, individually and on behalf of others similarly situated, | ) ) ) | CASE NO. 1:20-cv-00647-SO |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| Plaintiff, | ) ) | |
| v. | ) ) | **DECLARATION OF PLAINTIFF'S COUNSEL** |
| **EATON CORPORATION**, | ) ) | |
| Defendant. | ) ) ) | |

**DECLARATION OF ANDREW W. DUNLAP**

Pursuant to 28 U.S.C. § 1746, Andrew W. Dunlap, hereby declares as follows:

1. My name is Andrew W. Dunlap, and the facts contained in this declaration are within my personal knowledge and are true and correct.

2. This Declaration is submitted in support of the Parties' Joint Motion for Approval of Settlement.

**Plaintiff's Counsel's Professional Background and Experience**

3. Since April 2017, I have been a named partner at the law firm of Josephson Dunlap, LLP ("Josephson Dunlap"). Josephson Dunlap is an employment law firm with a national practice representing plaintiffs specializing almost exclusively on cases involving violations of federal and state wage and hour laws. Previously I was an attorney at Fibich, Leebron, Copeland, Briggs & Josephson ("FLCBJ"). FLCBJ is one of the preeminent plaintiff-oriented law firms in the country. While at FLCBJ, I worked in the firm's wage and hour practice.

4. I am licensed and in good standing to practice in Texas. I have been practicing civil litigation continuously since being admitted to the Texas bar in December 2011. I have practiced law and been admitted *pro hac vice* in courts located throughout the country, including in Arizona, California, Colorado, Connecticut, Georgia, Illinois, Louisiana, Maryland, Massachusetts, Oklahoma, Mississippi, Michigan, Montana, New Jersey, New Mexico, New York, North Carolina, North Dakota, Florida, Pennsylvania, Ohio, South Carolina, Washington, and West Virginia. I have never been sanctioned, disciplined, or otherwise admonished. I have never been denied *pro hac vice* admission in any court and I have never had my *pro hac vice* admission revoked. Nor has a Court ever declined to conditionally certify a class or collective action based on me or my firm's adequacy as Plaintiff's Counsel.

5. Almost all of my legal practice (and that of the other lawyers at Josephson Dunlap) is devoted to challenging illegal wage and hour practices on behalf of current and former employees. My practice

has been a "hands-on" approach. I personally perform the case work in all stages of the litigation, from drafting the initial complaint to discovery and motion matters, and to trial and appeal, if necessary. When appropriate, my partners and associates will assist me in various capacities under my direct supervision. This "hands-on" approach has produced very favorable results in difficult and complex cases that have required a substantial amount of time, money, and effort.

6.  I estimate that I have been the attorney of record as either lead counsel or co-counsel in over 500 class and collective actions, individual cases and arbitrations seeking damages for unpaid overtime and wages based on allegations that employees worked off-the-clock, were misclassified as exempt or as independent contractors, or were the victims of regular rate and/or technical violations of both state and federal wage laws. I estimate that I have represented tens of thousands of employees over the years and have been involved in litigating cases in almost every major industry, including against oil and gas production and service companies, staffing companies, national food processors, retailers, transportation, government agencies, call centers, chemical plants, technical companies, stadium service providers, and litigation service companies. Indeed, in recent years, Josephson Dunlap and Bruckner Burch's joint docket has carried over 200 cases involving collective action claims for oilfield workers, such as this case.

7.  In my practice, I have litigated cases on behalf of workers in wage and hour cases and collective actions against the most respected litigation firms in the United States. These firms include, but are not limited to, KL Gates; Seyfarth Shaw; Littler Mendelson; Morgan, Lewis & Bockius; Gardere Wynne, Ogletree Deakins; Hunton & Williams; Orrick; Baker Botts; Jones Walker; Jackson Lewis; Norton Rose; and Locke Lorde.

8.  Recently, one court found that attorneys at Josephson Dunlap (including myself) "conduct[] themselves professionally, demonstrate[] deep knowledge of wage-and-hour law, and [are] diligent and responsive to the Court's orders." *Horton v. Right Turn Supply, LLC*, No. 2:19-cv-1271-NR, Doc. 48 at *8 (W.D. Pa. Apr. 23, 2020).

9.  Carl A. Fitz, an associate at my office, has worked with me practicing wage and hour law since January 2020 at Josephson Dunlap. Mr. Fitz was licensed by the State Bar of Texas in 2017. In addition to Texas state courts, he is licensed in the U.S. Southern, Western, and Eastern Districts of Texas, and the U.S. District of Colorado. Likewise, he has been admitted *pro hac vice* in courts located throughout the country, including Illinois, Louisiana, Nevada, New Mexico, Oklahoma, and Pennsylvania. Prior to associating with Josephson Dunlap, Mr. Fitz practiced wage and hour law at Kennedy Hodges, LLP in Houston, Texas. Mr. Fitz has represented hundreds of workers in FLSA and analogous state law wage class and collective actions and helped recover millions of dollars in unpaid overtime wages for workers nationwide.

10. Richard (Rex) Burch is the managing shareholder of Bruckner Burch, PLLC, an employment law firm that maintains a national practice representing plaintiffs in employment law matters. Bruckner Burch is rated as a "Top Tier" (or "Tier 1") law firm in employment law by the U.S. News & World Report and rated as an "A-V" firm by Martindale-Hubbell. Indeed, courts have referred to Mr. Burch and his firm as being "among the most experienced and best regarded in this specialized practice area[.] *Kurgan v. Chiro One Wellness Centers,* LLC, No. 10-cv-1899, 2015 WL 1850599, at *4 (N.D. Ill. Apr. 21, 2015). Mr. Burch was licensed by the State Bar of Texas in 1997 and has practiced predominately employment and labor law, wage-and-hour law, and class and collective

action litigation since. In addition to Texas state courts, Mr. Burch is licensed in the U.S. Courts of Appeal for the Second, Fifth, Sixth, and Ninth Circuits, and numerous District Courts across the country. Likewise, he has been admitted *pro hac vice* in various courts located throughout the United States. Mr. Burch has served as lead counsel for worked in several important wage-and-hour cases. *See, e.g., Roussell v. Brisker Intern., Inc.*, 441 Fed. Appx. 222 (5th Cir. 2011) (affirming jury verdict in favor of class of waiters in FLSA tip credit case); *Belt v. EmCare, Inc.*, 444 F.3d 403 (5th Cir. 2006) (finding, as a matter of first impression, that hourly nurse practitioners and physician assistants were entitled to overtime pay). In addition to litigating hundreds of wage-and-hour cases, Mr. Burch has given dozens of speeches on the FLSA at CLEs and similar professional gatherings; has written extensively on the FLSA, *see, e.g., Parker v. ABC Debt Relief, Ltd. Co.*, 3:10-cv-1332-P, 2013 WL 371573 (N.D Tex. Jan 28, 2013) (citing Richard J. Burch, A Practitioner's Guide to Joint Employer Liability under the FLSA, 2 HOUS. BUS. & TAX. L.J. 393 (2002)); has written (or assisted in writing) several amicus briefs in FLSA cases, *see Fast v. Applebee's Intern., Inc.*, 638 F.3d 872 (8th Cir. Apr. 21, 2011) (co-author); *In re Novartis Wage and Hour Litig.*, 611 F.3d 141 (2d Cir. 2010) (co-author); *Cumbie v. Woody Woo, Inc.*, 596 F.3d 577 (9th Cir. 2010) (primary author); and has submitted comments specifically referenced and adopted by the United States Department of Labor in the regulations dealing with the FLSA's "tip credit" provisions. *See* 76 FR 11832-01, 18840, 18843 (April 5, 2011). Further, Mr. Burch served as lead counsel in the precedent setting civil rights case, *Spector v Norweign Cruise Lines, Ltd.*, 545 U.S. 119 (2005) (foreign-flagged vessels are subject to the ADA). Finally, the "Best Lawyers in America" publication rated him the 2020 "Lawyer of the Year" in the category of "Employment Law – Individuals" for Houston, Texas, and he is routinely listed in Texas Monthly and Texas Lawyer as a "Super Lawyer."

**Factual and Procedural Background.**

11. Plaintiff Joseph Tolbert filed his Original Complaint alleging wage and hour claims against Eaton in March 2020.

12. I have been personally involved in the litigation against Defendant on behalf of Mr. Tolbert. I, or my associates under my direct supervision, have been responsible for drafting virtually all of the pleadings, correspondence with Defendant's Counsel, and related documents filed and exchanged during this litigation. I am deeply familiar with all the relevant facts, legal issues, and potential damages at issue in this case.

13. Prior to filing Plaintiff's Original Complaint, myself, my associate Carl Fitz, and our staff spent considerable time coordinating with and interviewing Tolbert, investigating the veracity of his allegations, looking into Defendant's business and payroll practices, researching the current law relating to overtime violations of the FLSA involving alleged straight time for overtime violations, reviewing PACER filings, and drafting the complaint.

14. Defendant's Counsel stated from the outset of this litigation that Defendant was ready, willing, and able to litigate this case to its conclusion. Defendant disagreed vehemently with many of the assertions in Tolbert's Complaint and vowed to defend the pay practices at issue.

15. Over the course of this litigation, he Parties fiercely contested whether Plaintiff (or the Putative Class Members) was properly classified as exempt from overtime pay, and whether Defendant's straight time for overtime policy violated the FLSA.

16. Specifically, Defendant attached Tolbert's payroll information in support of its Motion to Dismiss. This encompassed dozens of pages of compensation records. Plaintiff's Counsel and their support staff spent substantial time sifting through the data and payroll information to formulate a damages calculation.

17. Finally, the Parties briefed multiple contested issues. Defendant filed a Motion to Dismiss and Motion to Transfer Venue. Docs. 10, 11. Plaintiff's counsel spent over one dozen hours researching choice of law factors and drafting the response to Defendant's Motion to Transfer Venue. Doc. 13.

**The Settlement Negotiations Were Informed, and the Settlement Will Provide Substantial Benefit to Plaintiff**

18. Based on a review of the documents produced by Defendant, there was a substantial risk that Defendant would prevail on its theory that Plaintiff's compensation would satisfy the salary basis test. These risks were taken into account throughout settlement negotiations with Defendant's counsel. The parties negotiated at arms' length and in good faith. Mr. Tolbert approved the terms of the settlement in conjunction with the advice of his counsel.

19. Given the wealth of information acquired by Plaintiff's Counsel as to the pay practices at issue in this case, there is no doubt that Plaintiff's Counsel gathered sufficient information to adequately assess the liability issues and damages at stake in this case.

**Plaintiff's Counsel's Hours and Billing Rates Are Reasonable Under the Circumstances of this Case and Given Plaintiff's Counsel's Experience**

20. All the litigation and settlement activities described herein, the hearings, and the various pleadings submitted were handled by attorneys and staff members from Josephson Dunlap and Bruckner Burch. The following chart summarizes the hours expended during this Lawsuit by the attorneys and staff involved in this case to-date:

| ATTORNEY/STAFF | POSITION | YEARS OF EXPERIENCE | HOURLY RATE | HRS. | TOTAL LODESTAR |
|---|---|---|---|---|---|
| Andrew Dunlap | Partner | 9 | $500.00 | 2.5 | $1,250.00 |
| Carl Fitz | Associate | 2 | $300.00 | 10.5 | $3,150.00 |
| Julie Lomax | Sr. Assoc. | 15 | $500.00 | 9 | $4,500.00 |
| Allison Lewton | Paralegal | 3 | $150.00 | 8.5 | $675.00 |
| Mariel Perez | Intake Staff | 3 | $100 | 2.7 | $270 |

21. In my professional opinion, the time and billing submissions compiled in this case are reasonable, necessary, and reflect the use of billing discretion. Additionally, each hourly rate submitted is reflective of the prevailing market rate for the performance of similar legal services.  Further, each hourly rate is also commensurate with the lawyers' level of experience and/or years of practice. Plaintiff's Counsel's suggested hourly rates are also consistent with the "*Laffey* Matrix" used by

many district courts to assess the reasonableness of attorney fees. *See* http://www.laffeymatrix.com/see.html (establishing a current rate of $899 per hour for attorneys with 20 years or more of experience, $747 per hour for attorneys with 11-19 years of experience, $661 for attorneys with 8-10 years of experience, and $458 for attorneys with 4-7 years of experience).

22. I would note that the hourly rates addressed herein presumably are for work billed hourly and not for cases involving contingent risk and a lengthy delay in payment. Plaintiff's Counsel commenced this case in February 2020 and has not yet been paid anything for its efforts. A reasonable rate must consider what an attorney would charge for a case where he was asked to carry the expense for a year (or more) and take a risk, that if he lost (as often happens), he would not be paid at all.

23. In total, the lodestar for the work performed in this case by Plaintiff's Counsel and their staff is $9,845.00 which is based on 33.2 hours. In my professional opinion, the total lodestar indicates the lawyers and staff members utilized for this litigation acted reasonably in both the performance of their duties and the amount of time they expended in the performance of each of their tasks. Moreover, the requested fee award of $6,965.62 (40% of the Gross Settlement Amount) represents only 70.75% of the lodestar amount.

24. I believe that the Settlement is fair, adequate, and a reasonable compromise of the disputed claims.

25. Pursuant to the Settlement, Plaintiff Joseph Tolbert will receive a sum certain, which covers unpaid overtime compensation (less income and payroll taxes) and attorneys' fees and costs.  This amount is reasonable because the Parties vigorously disputed Plaintiff's exempt status as well as the number of overtime hours for which Plaintiff alleges he is entitled to compensation.

26. The Settlement provides immediate and substantial relief without the attendant risks, including the burden of proof and delay of continued litigation.

27. Concerning attorneys' fees and costs, the Settlement provides for attorneys' fees in the amount of Six Thousand Nine Hundred Sixty-Five Dollars and Sixty-Two Cents ($6,965.62).  This amount is pursuant to Plaintiff's fee agreement with Plaintiff's counsel and is consistent with the FLSA. This fee award is reasonable in light of the benefit achieved for Plaintiff and consistent with the number of hours spent in pursuing Plaintiff's claims.

28. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

**Signed on July 23, 2020.**

/s/ Andrew Dunlap (Jul 24, 2020 16:24 CDT)

**Andrew W. Dunlap**